UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL GRESHAM,

                    Plaintiff,

v.

DARRELL STEWARD, *et al.*,

                    Defendants.

_____/

Civil Action No.13-10189
HONORABLE GERSHWIN A. DRAIN

**REQUEST FOR RESPONSE AND ORDER FOR SUBMISSION AND DETERMINATION OF MOTIONS [#25, #29] WITHOUT ORAL HEARING AND DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL[#28]**

The instant action is a prisoner civil rights action under 42 U.S.C. § 1983. On February 3, 2014, Defendants filed a Motion for Summary Judgment [#25] and Plaintiff, who is proceeding *pro se*, filed his Motion for Summary Judgment [#29] on February 25, 2014. Pursuant to Rule 7.1(f)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, IT IS HEREBY ORDERED that there will be no oral hearing on these motions. Plaintiff shall file a Response to Defendants' Motion for Summary Judgment no later than March 28, 2014. Defendants shall file a Response to Plaintiff's Motion for Summary Judgment no later than March 28, 2014. Reply briefs may be filed no later than April 21, 2014.

Additionally, Plaintiff has filed a Motion for the Appointment of Counsel. Upon review of Plaintiff's Motion, the Court concludes that Plaintiff has not established a right to the relief requested. The Sixth Circuit has stated: "[w]e take judicial notice of the fact that courts within this circuit, absent extraordinary circumstances, do not appoint lawyers for indigent and pro se prisoners

-1-

in civil rights cases and in prisoner grievance-type cases." *Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir. 1996). "Prisoners have no statutory right to counsel in civil rights cases. Instead, the appointment of counsel is within the court's discretion." *Id.* Appointment of counsel "should be allowed in civil actions only in exceptional cases." *Lopez v. Reyes*, 692 F. 2d 15, 17 (5th Cir. 1982).

> In determining whether exceptional circumstances exist, courts have examined the type of case and the abilities of the plaintiff to represent himself. This generally involves a determination of the complexity of the factual and legal issues involved.

*Lavado v. Keohane*, 992 F. 2d 601, 605 (6th Cir. 1993) (internal citations and quotations omitted).

Here, Plaintiff brings First Amendment retaliation and Eighth Amendment deliberate indifference claims against various employees of the Michigan Department of Corrections. Such claims are typical in prisoner civil rights actions involving *pro se* plaintiffs, therefore the complexity of the factual and legal issues involved do not amount to exceptional circumstances warranting the appointment of counsel. *See Kensu v. Rapelje*, No. 12-11877, 2014 U.S. Dist. LEXIS 18677, *6-7 (E.D. Mich. Feb. 14, 2014). Moreover, Plaintiff has represented himself since the inception of this matter, and successfully argued for the reopening of this matter in his Motion for Reconsideration. As such, the Court declines to appoint counsel to represent Plaintiff in this matter.

Accordingly, Plaintiff's Motion for the Appointment of Counsel [#28] is DENIED.

SO ORDERED.

/s/ Gershwin A. Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated: March 3, 2014

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record and Michael Gresham, 272603, Macomb Correctional Facility, 34625 26 Mile Road, New Haven, MI 48048, on March 3, 2014, by electronic and/or ordinary mail.

/s/ Tanya Bankston
Deputy Clerk