UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL GRESHAM,

                Plaintiff,                Case Nos. 14-13806
                                                            13-10189
                                               Hon. Gershwin A. Drain
v.

DAN HEYNS, et. al.,

                Defendants.
_____/

**ORDER DENYING MOTIONS FOR TEMPORARY RESTRAINING ORDER [#4, #5], DENYING WITHOUT PREJUDICE MOTION TO APPOINT COUNSEL [#6], GRANTING MOTION TO RELATE CASE [#7] AND CONSOLIDATING CASES**

      Plaintiff initiated a suit under 28 U.S.C. § 1983 that was docketed as Case No. 13-10189. On August 27, 2014, this Court entered an order which in part denied Plaintiff's motion to amend his complaint without prejudice. On October 3, 2014, Plaintiff filed a complaint that was docketed as a new case as Case No. 14-13806. The complaint makes reference to the previous case and the Court's order. The Court will construe Plaintiff's latest complaint as an amended complaint in Case No. 13-10189.

      Federal Rule of Civil Procedure 42(a) provides as follows:

> (a) Consolidation. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions

consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a).

It is within the discretion of the district court to determine whether cases involving the same factual and legal questions should be consolidated. *Stemler v. Burke*, 344 F.2d 393, 396 (6th Cir. 1965). In the instant case, Plaintiff intended to pursue a single action against the defendants, the Court will therefore consolidate the two cases pursuant to Federal Rule of Civil Procedure 42(a).

Accordingly, **IT IS ORDERED** that Plaintiff's Motions for Temporary Restraining Order [#4 and #5] are **DENIED**. Plaintiff has not demonstrated he is entitled to injunctive relief. *See Sampson v. Murray*, 415 U.S. 61, 88 (2008) (holding that injunctive relief seeks to address the possibility of irreparable harm where an inadequacy of legal relief exists).

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel [#6] is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Relate Case, construed as a Motion to Consolidate, [#7] is **GRANTED**.

**IT IS ORDERED** that case numbers 13-10189 and 14-13806 are hereby **CONSOLIDATED**. The Clerk of the Court shall docket a copy of this order in both

cases.

**IT IS FURTHER ORDERED** that the Clerk shall docket Plaintiff's Complaint filed in case 14-13806 in case 13-10189 as an Amended Complaint.

**IT IS FURTHER ORDERED** that case 14-13806 is **DISMISSED**. All future documents shall be filed under case 13-10189.

                /s/ Gershwin A Drain
                Gershwin A. Drain
                United States District Judge

Dated: March 23, 2015