UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL ISHMAEL GRESHAM,

    Plaintiffs,

Case No. 13-10189
HON. GERSHWIN A. DRAIN

vs.

DEPUTY DARREL M. STEWART, *et al.*,

    Defendants.

_____/

**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT [#36], GRANTING IN PART AND DENYING IN PART MOTION FOR TEMPORARY RESTRAINING ORDER, PERMANENT INJUNCTION AND APPOINTMENT OF COUNSEL [#37], DENYING MOTION FOR TEMPORARY RESTRAINING ORDER [#43], DENYING MOTION IN SUPPORT OF RULE 60 [#45], DENYING MOTION FOR TEMPORARY RESTRAINING ORDER [#47] AND STRIKING SECOND AMENDED COMPLAINT [#52]**

## I. INTRODUCTION

Presently before the Court are various motions filed by Plaintiff, who is proceeding *pro se* in this 42 U.S.C. § 1983 prisoner civil rights action. On August 27, 2014, this Court issued an Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment and Denying Plaintiff's Motion to Amend Complaint Without Prejudice. *See* Dkt. No. 35. The sole remaining Defendant is Defendant

-1-

Steven Adams.

Subsequent to this Court's August 27, 2014 Order, Plaintiff filed another action in which he requested that the action be considered in conjunction with the instant case. *See* Case No. 14-13806, Dkt. No. 7. As such, the Court issued an Order consolidating the two cases and construed Plaintiff's filing as a Second Amended Complaint in the instant action, which is also before the Court.

## II. LAW & ANALYSIS

### A. Second Amended Complaint

Upon review of the Second Amended Complaint, the Court finds that it should be stricken. Plaintiff's Second Amended Complaint fails to state sufficient facts to state a claim for "relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed. 2d 868 (2009).

Plaintiff labels his Second Amended Complaint as "Campaign of Harassment and Imminent Danger," and appears to name Dan Heyns, Darrell Stewart, Michigan Correctional Organization, Prison Health Services, Correctional Medical Services and the Michigan State Police as Defendants. However, Plaintiff fails to allege in his

Second Amended Complaint how each of the Defendants specifically violated his constitutional rights. As such, the Court cannot discern any possible claim based on the rambling and incoherent nature of Plaintiff's recent filing. Accordingly, Plaintiff's Second Amended Complaint is STRICKEN. The Court will proceed in this matter with the First Amended Complaint. *See* Dkt. No. 11.

### B. Motions for Relief from Judgment

Plaintiff has filed a Motion for Relief from Judgment and a "Motion in Support of Rule 60 Motion Submitting Affidavit." *See* Dkt. Nos. 36 and 45. Federal Rule of Civil Procedure 60(b) allows a party relief from judgment, order or other proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence, that, with reasonable diligence, could have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation,
> or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(6).

The Sixth Circuit Court of Appeals has held that "relief under Rule 60(b) is circumscribed by public policy favoring finality of judgment and termination of

litigation," and "[a]ccordingly the party seeking relief under Rule 60(b) bears the burden of establishing grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merchandising, Inc.*, 538 F. 3d 448, 454 (6th Cir. 2008).

Plaintiff moves for relief from judgment pursuant to Rule 60(b)(1), which allows relief from a final order for the following reasons: "mistake, inadvertence, surprise, or excusable neglect." Plaintiff requests that the Court reconsider its Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment. Specifically, Plaintiff maintains that Defendants Hudson, Jenkins and McInnis should not have been dismissed. Plaintiff fails to explain how "mistake, inadvertence, surprise, or excusable neglect" effected this Court's original disposition. Plaintiff does not demonstrate that he is entitled to relief from this Court's August 27, 2014 Order based on the reasons set forth in Rule 60(b)(1) of the Federal Rules of Civil Procedure.

Plaintiff also moves for relief from judgment pursuant to Rule 60(b)(6), which may be used to relieve a party from judgment only in extraordinary circumstances which are not addressed by the first five subsections of Rule 60(b). *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F. 3d 465, 468 (6th Cir. 2007). The Sixth Circuit has stated that: "Courts . . . must apply subsection (b)(6) only as a means to achieve substantial justice when something more than one of the grounds contained in Rule

60(b)'s first five clauses is present. The something more . . . must include unusual and extreme situations where principles of equity mandate relief." *Id.* (internal citations and quotations omitted). Plaintiff fails to demonstrate that an unusual or extreme situation exists that warrants relief from this Court's August 27, 2014 Order.

Accordingly, the Court denies Plaintiff's Motion for Relief from Judgment and Plaintiff's Motion in Support of Rule 60.

### C. Motions for Temporary Restraining Order, Permanent Injunction and Appointment of Counsel

Plaintiff has filed two motions seeking injunctive relief. In one of his motions seeking injunctive relief, he also seeks the appointment of counsel. The Court will deny Plaintiff's request for injunctive relief because he has failed to demonstrate he is entitled to injunctive relief. *See Sampson v. Murray*, 415 U.S. 61, 88 (2008) (holding that injunctive relief seeks to address the possibility of irreparable harm where an inadequacy of legal relief exists). However, the Court finds that the appointment of pro bono counsel is warranted under the circumstances. As such, the Court will grant Plaintiff's request for the appointment of counsel.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Relief from Judgment [#36] is DENIED.

Plaintiff's Motion for Temporary Restraining Order, Permanent Injunction and

Appointment of Counsel [#37] is GRANTED IN PART and DENIED IN PART. The Court will refer this matter to the pro bono panel for the appointment of counsel. No injunctive relief shall issue.

Plaintiff's Motion in Support of Rule 60 [#45] is DENIED.

Plaintiff's Motion for Temporary Restraining Order [#47] is DENIED.

Plaintiff's Second Amended Complaint [#52] is STRICKEN. This matter shall proceed with the First Amended Complaint. *See* Dkt. No. 11.

The Court will conduct a Status Conference once pro bono counsel is appointed.

SO ORDERED.

Dated: April 9, 2015 /s/Gershwin A Drain
GERSHWIN A. DRAIN
U.S. DISTRICT JUDGE