UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL ISHMAEL GRESHAM,

        Plaintiff,

v.

        Case No.: 13-10189
        Honorable Gershwin A. Drain

DEPUTY DARREL M. STEWART,
*et al.*,

        Defendants.
_____/

## ORDER DENYING MOTION TO RECUSE [#91], REVOKING *IN FORMA PAUPERIS STATUS* AND DISMISSING ACTION

### I.    INTRODUCTION

On May 7, 2013, this Court granted Plaintiff's Application to Proceed *In Forma Pauperis*, concluding that his claims fell within the "imminent danger" exception to the three strikes provision set forth in 28 U.S.C. § 1915(g). On October 13, 2016, the Court entered an Order for Plaintiff to Show Cause Why *In Forma Pauperis* Status Should Not Be Revoked and Case Dismissed. The Court's recent review of the record, including Plaintiff's status as a prolific filer of frivolous actions, as well as his apparent mental health disorders, suggested that the original grant of pauper status was erroneous and Plaintiff should not have been

allowed to proceed under the imminent danger exception.

Plaintiff filed a Response to the Court's Order to Show Cause on November 22, 2016. The Government filed a Response to Plaintiff's Response to the Order to Show Cause on December 16, 2016. Plaintiff has also brought a Motion to Recuse, which was filed on November 23, 2016. For the reasons that follow, the Court will deny Plaintiff's Motion to Recuse, will revoke Plaintiff's *in forma pauperis* status and will dismiss this action without prejudice.

II.   **LAW & ANALYSIS**

    **A.  Motion to Recuse**

As an initial matter, Plaintiff has moved to recuse the undersigned. Disqualification under either 28 U.S.C. § 455 or § 144 must be predicated "upon extrajudicial conduct rather than on judicial conduct," and upon "a personal bias as distinguished from judicial one, arising out of the judge's background and association and not from the judge's view of the law." *Id.* at 1303-04 (quotations and citations omitted). Section 455 provides that a judge must disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). It is well-settled that adverse rulings during the course of proceedings are not themselves sufficient to establish bias or prejudice which will disqualify the presiding judge. *See Knapp v. Kinsey*, 232 F.2d 458, 466 (6th Cir. 1956); *see also City of Cleveland v. Krupansky*, 619 F.2d 576, 578 (6th Cir. 1980).

Plaintiff asserts that some of the Defendants in this matter told him that the Michigan Department of Corrections paid the undersigned "$100,000.00 to find a reason to dismiss [the] case[.]" Pg ID 1618. Plaintiff's fantastical and delusional accusations are completely false and have no merit. It is evident from a review of Plaintiff's Motion to Recuse that he is dissatisfied with this Court's decision to revisit the grant of pauper status in this matter. Disagreement with the decision of the Court is not a proper basis upon which to grant a motion for recusal. *See Knapp*, 232 F.2d at 466; *see also Krupansky*, 619 F.2d at 578. The Court will deny Plaintiff's Motion to Recuse.

### B. Revocation of *In Forma Pauperis* Status

In order to proceed under the imminent danger exception under 28 U.S.C. § 1915(g), Plaintiff was required to allege that the threat or prison condition is "real and proximate" and that the danger of serious physical injury exists at the time the complaint is filed. *Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011). This Court granted Plaintiff *in forma pauperis* status based on Plaintiff's allegation that Defendant Hudson had called Plaintiff a "snitch," and he had been involved in a physical altercation with another inmate as a result. However, the imminent danger exception is inapplicable for assertions of past danger. *See Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007); *Rittner v. Kinder*, 290 F. App'x

796, 797-98 (6th Cir. 2008) (citing *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001).

Moreover, the record reveals that Plaintiff suffers from several mental health disorders, which explains the fantastical and delusional nature of Plaintiff's allegations to this Court. The record further shows that Plaintiff does not comprehend that he suffers from disorders of the mind and frequently refuses medication. Simply put, Plaintiff's allegations of imminent danger were, and continue to be, delusional and not based in reality.

This Court has the authority to deny a prisoner leave to proceed *in forma pauperis* when the prisoner's claims of imminent danger are "conclusory or ridiculous" or are "clearly baseless" (i.e. are fantastic or delusional and rise to the level of 'irrational or wholly incredible).'" *Rittner,* 290 F. App'x at 798. Plaintiff has failed to demonstrate to this Court that he was entitled to proceed under the imminent danger exception under 28 U.S.C. § 1915(g), therefore the Court will revoke his *in forma pauperis* status and dismiss this action. See McLeod v. Jones, No. 4:15-cv-188, 2015 U.S. Dist. LEXIS 173634, *9 (N.D. Fla. Sept. 17, 2015) (courts are permitted to "revoke previously granted *in forma pauperis* status if it later becomes evident that the original IFP status should not have been granted.")

### III. CONCLUSION

For the reasons articulated above, Plaintiff's Motion to Recuse [#91] is

DENIED.  Plaintiff's *In Forma Pauperis* status is HEREBY REVOKED.  This cause of action is DIMISSED WITHOUT PREJUDICE.

  SO ORDERED.

Dated:  January 9, 2017                                    /s/Gershwin A. Drain
                                                                          GERSHWIN A. DRAIN
                                                                          United States District Judge


CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 9, 2017, by electronic and/or ordinary mail.
/s/ Tanya Bankston
Deputy Clerk